IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FAINESS B. LIPENGA,

    Plaintiff,

v.                              Case No.: GJH-14-3980

JANE N. KAMBALAME,

    Defendant.

* * * * * * * * * * * * *

## MEMORANDUM OPINION

    Plaintiff Fainess Lipenga brought this action against Defendant Jane Kambalame for alleged violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1581 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(f)(1), the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab & Empl. §§ 3-413, 3-415, and other common law causes of action. The Court entered default judgment against Defendant Kambalame on November 9, 2016 and awarded Plaintiff $1,101,345.20 in compensatory and punitive damages. Now pending before the Court is Plaintiff's Motion for Attorneys' Fees, ECF No. 26. No hearing is necessary. Loc. R. 105.6 (D. Md. July 1, 2016). For the following reasons, Plaintiff's Motion for Attorneys' Fees, in the amount of $122,327.50, is granted.

### I. BACKGROUND

    Plaintiff filed her initial complaint against Defendant on December 19, 2014. ECF No. 1. After Defendant failed to answer or otherwise defend in the matter, Ms. Lipenga moved for an entry of default on January 28, 2016, which the Clerk entered on March 4, 2016. ECF No. 20; ECF No. 21. The Court issued its Memorandum Opinion and Order granting Plaintiff's Motion

for Default Judgment, ECF No. 23, on November 9, 2016. ECF No. 24. As Plaintiff had requested "reasonable attorneys' fees" in her Motion, ECF No. 23-1 at 38, but had not submitted documentation as to the appropriate amount, the Court requested supplemental briefing on the issue. *See* ECF No. 25.

## II. STANDARD OF REVIEW

Ms. Lipenga is entitled to attorneys' fees under the the TVPRA, FLSA, and MWHL. *See* 18 U.S.C. § 1595 ("An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator . . . and may recover damages and reasonable attorneys' fees"); 29 U.S.C. § 216(b); *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) ("The payment of attorney's fees to employees prevailing in FLSA cases is mandatory"); Md. Code, Lab. & Empl. § 3-427(d)(1)(iii). To recover attorneys' fees and costs, a plaintiff must be a "prevailing party," a threshold question for which the Court accords a generous formulation. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This Court entered default judgment against Defendant Kambalame in this matter; therefore, Ms. Lipenga is a "prevailing party" entitled to reasonable attorneys' fees.

The most useful starting point for establishing the proper amount of an award is the "lodestar," or "the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The court shall adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Rum Creek Coal Sales*, 31 F.3d at 175 (citing *Hensley*, 461 U.S. at 437). In assessing the overall reasonableness of the lodestar, the court may also consider the twelve factors set forth

in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) ("the Johnson factors"), specifically:

> (1) The time and labor required; (2) The novelty and difficulty of the questions raised; (3) The skill requisite to perform the legal services properly; (4) The preclusion of employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship between the attorney and the client; and (12) Attorney's fee awards in similar cases.

*See Rum Creek Coal Sales*, 31 F.3d at 175.

The party seeking an award of attorney's fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The party challenging the requested award "bears the burden of explaining its objections with sufficient detail and specific reference to the plaintiff's time records to allow the court to evaluate those challenges without itself po[r]ing over the time records searching for unnecessary charges." *Nelson v. A&H Motors, Inc.*, Civil No. JKS 12-2288, 2013 WL 388991, at *3 (D. Md. Jan. 30, 2013) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). Here, Plaintiff submits her Motion and supporting documentation, but Defendant has not responded.[1]

### III. ANALYSIS

According to Plaintiff's Memorandum and documentation accompanying the Motion for Attorneys' Fees, 10 attorneys and 5 assisting staff members completed 498.00 hours of work on this case over a two-and-a-half year period. ECF No. 29 at 5. Plaintiff has provided detailed

---

[1] The Court received a letter from Ms. Kambalame's counsel in Zimbabwe, Aurthur Gurira, on December 9, 2016. *See* ECF No. 28. However, because a member of the bar of this Court had not signed the document, *see* Loc. R. 101.1 and 102.1, the letter was returned to Mr. Gurira. *Id.* Defendant has not filed anything further in this action.

information breaking these hours down by individual, litigation phase, date and time, and narrative description — in accordance with Loc. R. 109.2 and Appendix B of the Local Rules. Upon review of the billing records, attached at ECF No. 29-1 at 1–32, the Court finds that the hours expended were reasonable. Although the case was ultimately uncontested, the Complaint was detailed and involved challenging issues of fact and law. The hours spent preparing and litigating the *Lipenga* case were all related to a common legal theory and set of facts, and Plaintiff ultimately achieved a high degree of success on her claims against Defendant Kambalame. *See Hensley*, 461 U.S. at 435 (noting that "[w]here a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation.").

Plaintiff also requests reasonable rates for fourteen of the fifteen individuals who worked on this matter. *See Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984) (noting that fee applicant should demonstrate that the requested rates are in line with those lawyers prevailing in the community); *Beyond Sys., Inc. v. World Ave. USA, LLC*, No. PJM-08-921, 2011 WL 3419565 at *3 (D. Md. Aug. 11, 2011) (noting that courts in this jurisdiction rely upon Appendix B for determining reasonableness of fees). In accordance with Appendix B,[2] which provides this jurisdiction's guidelines regarding hourly rates, based upon length of experience, Plaintiff reasonably requests $425 for Melissa Gorsline; $300 for James Egerton-Vernon and Anastasiya Ugale; $225 for Kelsey Bryan, Christopher Edelman, Lindsay Reimschussel, Jordan Von Bokern, and H. Kristie Xian; $150 for Cecilia Mullan and Samantha Tejada; and $95 for Tendai

---

[2] Lawyers admitted to the bar for less than five (5) years: $150-225. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425. Lawyers admitted to the bar for twenty (20) years or more: $300-475. Paralegals and law clerks: $95-150. Loc. R. app. B (D. Md. July 1, 2016).

Mukau, Jenai Orina, Tom Polson, and Sarah Subaey.[3] However, because Partner Charles Kotuby had between 12–14 years of experience during the litigation period, his reasonable rate is at most $350 pursuant to Appendix B(3)(c) of the Local Rules.

Additionally, although Plaintiff requests an hourly rate of $425 for both Ms. Gorsline and Mr. Kotuby in her Memorandum, ECF No. 29 at 13–14, the Fee Calculations attached at ECF No. 29-1 at 27–32 apply an hourly rate of $475 for Ms. Gorsline and Mr. Kotuby. Therefore, applying the proper rate of $425 for Ms. Gorsline and $350 for Mr. Kotuby, the Court subtracts $2537.00 and $4125.00 from the total fee calculation.

Finally, consideration of the applicable *Johnson* factors counsels in favor of fully compensating Plaintiff's attorneys. The degree of success obtained has been characterized as "the most critical factor" in determining the reasonableness of an award of attorneys' fees. *Ford v. Rigidply Rafters, Inc.*, 999 F. Supp. 647, 651 (D. Md. 1998) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Here, Ms. Lipenga was successful on all of her claims with the exception of the false imprisonment claim. *See* ECF No. 24 at 12–13. She therefore achieved a high level of success. Additionally, Plaintiff's counsel took on a case that was both challenging and ultimately guaranteed little, if any, monetary compensation. Therefore, in light of "the difficulty of questions raised" and "undesirability of the case within the legal community," *Rum Creek Coal Sales*, 31 F.3d at 175, the Court finds that Plaintiff's counsel is entitled to full compensation for the work completed. Applying the rate modifications described *supra*, attorneys' fees are thus awarded in the amount of $122,327.50.

---

[3] Ms. Gorsline is a partner at the law firm representing plaintiff; she was admitted to the bar in 1998. *See* ECF No. 29-2 at 3. Mr. Kotuby, also a partner, was admitted to the bar in 2002. ECF No. 29-3 at 2. Senior associate James Egerton-Vernon and special legal consultant Anastasiya Ugale both have nine years of experience practicing law. *See* ECF No. 29-4; ECF No. 29-5. Associates Kelsey Bryan, Christopher Edelman, Lindsay Reimschussel, Jordan Von Bokern, and H. Kristie Xian have all been admitted to the bar for less than five years. *See* ECF Nos. 29-6–29-9.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees, ECF No. 26, is granted. A separate Order follows.

Date: June 8, 2017

_____
GEORGE J. HAZEL
United States District Judge